# Hoss' Appeal

*D. M. Garrahan*, for appellant.
*F. J. Gildner*, for Commonwealth.

HENNINGER, J., May 26, 1941.—Appellant was sued by Michael Swirble and Michael Fedorick for the damages sustained by them arising out of an accident in which appellant's automobile figured. Upon the trial of the case, by stipulation of the parties, appellant confessed judgment in the amount of $300, with the condition that said judgment should not effect the revocation of his motor vehicle or operator's license.

Nevertheless, the judgment was certified to the Secretary of Revenue at Harrisburg, who, under the authority of section 11 of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, as amended, 75 PS §1263, thereupon suspended appellant's licenses. Appellant appealed from said suspension.

As the appeal presently stands, we must dismiss it, for appellant has failed to do the two things necessary to have the suspension rescinded, viz, satisfy the judgment and furnish proof of financial responsibility for future accidents. We feel that the parties to such a judgment cannot, by their stipulation, prevent the operation of the act in case a judgment remains unsatisfied. All judgments, without exception, unsatisfied 15 days after rendered must be certified to the Secretary of Revenue and the licenses "shall be forthwith suspended".

Plaintiffs in the judgment are not the only persons interested in either the judgment or the suspension. The judgment was obtained through the use of the processes of this court, whose costs, which are beyond the control of the parties, remain unpaid.

Although plaintiffs may forego the right to use the drastic remedy of suspension for their own benefit, they cannot legislate for the Secretary of Revenue, whose responsibility under the act is to see that the use of the highways is barred to persons who fail to make amends for the damage they do. It is a fair inference that a motorist unable to pay a judgment now would be unable to pay a future judgment. Since the use of our highways is a matter of privilege and not of absolute right (Commonwealth v. Funk, 323 Pa. 390, 395), the Secretary of Revenue is acting within the scope of his properly delegated powers in withholding that privilege until the conditions imposed by the legislature have been complied with.

Since it would not control our decision we do not decide whether, in view of plaintiffs' waiver of the right of satisfaction of the judgment within 15 days, the Secretary of Revenue can, in his discretion, rescind the suspension upon proof of financial ability alone. Appellant has not yet tendered such proof. The spirit of the act, however, would seem to be shown by section 23 thereof, 75 PS §1273b, which authorizes the secretary,

where payment of a judgment in instalments has been authorized, to restore the license or to refrain from suspending it, upon proof of ability to respond in damages for future accidents. It is fair to state that the entry of the stipulation in this case amounts to an indefinite postponement of payment of the judgment and that, therefore, appellant upon payment of the court costs is not in default in the absence of a demand by the judgment creditors. In that case, the secretary would be privileged, under section 23 of the act, to return appellant's licenses upon proof of financial ability.

Now, May 26, 1941, the appeal of Frank W. Hoss from suspension of his motor vehicle registration and operator's license is dismissed, without prejudice to his right to request a rescission of said suspension upon furnishing proof, satisfactory to the Secretary of Revenue, of financial ability to meet any claims arising out of future operation of a motor vehicle. Costs to be paid by appellant.